UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

UNITED STATES, for the use of and benefit of DELTA MECHANICAL CONTRACTORS, LLC,
Plaintiff,

v.

HANOVER INSURANCE COMPANY and WHITE & CARR INCORPORATED,
Defendant.

Civil Action No.: 05-489T

**ANSWER OF THE DEFENDANT, HANOVER INSURANCE COMPANY, TO THE COMPLAINT**

The defendant, the Hanover Insurance Company ("Hanover"), hereby responds to the Complaint as follows.

1. Hanover is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 1 of the Complaint.

2. Hanover is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 2 of the Complaint.

3. Hanover denies that it is a corporation organized under the laws of Delaware but admits that it has a principal place of business in Massachusetts.

4. The allegations set forth in paragraph 4 of the Complaint constitute a legal conclusion to which no response is required.

5. Hanover admits that the defendant, White & Carr, Incorporated ("White"), entered into a contract with the United States Department of the Interior for the construction of the visitors facility at Rhode Island National Wildlife Refuge Center Complex, Charlestown, Rhode Island (the "Project"). Hanover states that the contract speaks for itself and Hanover

denies the remaining allegations set forth in paragraph 5 of the Complaint to the extent that they contradict, misstate, mischaracterize or otherwise go beyond the language and terms of the contract.

6. Hanover admits that it issued, as surety, payment and performance bonds in connection with the Project. Hanover states that these bonds speak for themselves and Hanover denies the remaining allegations set forth in paragraph 6 of the Complaint to the extent that they contradict, misstate, mischaracterize or otherwise go beyond the language and terms of the bonds.

7. Hanover admits that the plaintiff entered into a contract with White in connection with the Project. Hanover states that the contract speaks for itself and Hanover denies the remaining allegations set forth in paragraph 7 of the Complaint to the extent that they contradict, misstate, mischaracterize or otherwise go beyond the language and terms of the contract.

8. Hanover is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 8 of the Complaint.

9. Hanover is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 9 of the Complaint.

10. Hanover admits that plaintiff has made demand upon Hanover for payment but denies that it has wrongfully refused to make payment to the plaintiff. By way of further response, Hanover states that Delta has failed to demonstrate that it is entitled to any payment from Hanover.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

The Complaint fails to state a cause of action against Hanover upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

The claims set forth in the Complaint may be barred because of the failure of the plaintiff to comply with the terms and requirements of the payment bond.

### THIRD AFFIRMATIVE DEFENSE

The claims set forth in the Complaint may be barred by the doctrines of waiver and/or estoppel.

### FOURTH AFFIRMATIVE DEFENSE

The claims set forth in the Complaint may be barred because the damages the plaintiff seeks to recover may have been caused, in whole or in part, by the plaintiff's own acts and/or omissions.

### FIFTH AFFIRMATIVE DEFENSE

The claims set forth in the Complaint may be barred to the extent that the plaintiff seeks to recover for work the plaintiff performed for the owner of the Project (as opposed to work performed for White).

### SIXTH AFFIRMATIVE DEFENSE

The claims asserted in the Complaint may be barred because of the doctrine of laches.

**SEVENTH AFFIRMATIVE DEFENSE**

The Complaint may be barred as a result of the prejudice to Hanover resulting from the untimely notification of plaintiff's claim against the payment bond.

**EIGHTH AFFIRMATIVE DEFENSE**

The claims asserted in the Complaint may be barred because of the doctrine of unclean hands.

**NINTH AFFIRMATIVE DEFENSE**

The plaintiff has failed to satisfy the conditions precedent as set forth in the payment bond.

**TENTH AFFIRMATIVE DEFENSE**

The plaintiff may have failed to satisfy the conditions precedent as set forth in the bonded contract.

**ELEVENTH AFFIRMATIVE DEFENSE**

Hanover incorporates by reference all affirmative defenses asserted or which could have been asserted by its principal, White, in response to this Complaint.

WHEREFORE, Hanover requests that this Court dismiss the Complaint and award Hanover its attorney's fees, costs and such other relief as this Court deems just.

Respectfully submitted:

THE HANOVER INSURANCE COMPANY
By its attorney,

Jennifer Whelan, Bar ID #6952
CETRULO & CAPONE, LLP
The Heritage Building
321 South Main Street
Providence, RI 02903
(401) 274-7850
(401) 274-9670 (fax)

Dated: April 5, 2006

**CERTIFICATE OF SERVICE**

I, Dwight T. Burns, III, hereby certify that I have, on this 5th day of April, 2006, served a copy of the within via first class mail upon the following party:

William E. O'Gara, Esquire
One Financial Plaza, Suite 1800
Providence, RI 02903

Dwight T. Burns, III



410721v1