UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| UNITED STATES FOR THE USE AND BENEFIT OF DELTA MECHANICAL CONTRACTORS, LLC<br>Plaintiff | : | |
| vs. | : | C.A. No. 05-0489T |
| HANOVER INSURANCE COMPANY And WHITE & CARR INCORPORATED<br>Defendants | : | |

STATEMENT OF PLAINTIFF'S CLAIM

Delta Mechanical Contractors LLC ("Delta") was a subcontractor to the general contractor White & Carr on a United States Department of Interior project involving the construction of a visitor center in Charlestown, RI (the "Project"). Hanover Insurance Company ("Hanover") was the bonding agent for the Project as required by the Miller Act, 40 U.S.C. § 3131. White & Carr was terminated by the Department of Interior because of its failure to perform (one of the principals of White & Carr went to prison). Delays in the project directly attributable to White & Carr's failure to properly manage the Project resulted in a series of increased costs to Delta that were never paid. These costs included but are not limited to labor, management and supervision, wage increases, storage, and equipment use. Hanover is responsible for reimbursement of these costs under the Miller Act and supporting case law.

A. Relevant Law

The Miller Act, codified at 40 U.S.C. § 3133(b) states that:

"Every person that has furnished labor or material in carrying out work provided for in a contract for which a payment bond is

> furnished under section 3131 of this title and that has not been paid in full within 90 days after the day on which the person did or performed the last of the labor furnished or supplied the material for which the claim is made may bring a civil action on the payment bond for the amount unpaid at the time the civil action is brought and may prosecute the action to final execution and judgment for the amount due."

Out of pocket costs resulting from delay actually expended in furnishing labor or material in the prosecution of work provided for in a contract is recoverable against a surety under the Miller Act. Federal courts have held that such increased costs caused by delay are subject to the Miller Act surety. *See* United States ex rel. T.M.S. Mechanical Contractors, Inc. v. Millers Mut. Fire Ins. Co. v. The Craftsmen, Inc., 942 F.2d 946 (5th Cir. 1991); United States f/u/b/o Pertun Construction Company v. Harvesters Group, Inc., 918 F.2d 915 (11th Cir. 1990); United States f/u/b/o Heller Elec. Co. v. William Klingensmith, Inc., 670 F.2d 1227 (D.C.Cir.1982); 869 F.Supp. 387 (D.VA 1994); United States f/u/b/o D & P Corporation v. Transamerican Ins. Co., 881 F.Supp. 1505 (D. Kansas. 1995). The only requirement on the part of the subcontractor is that they did not cause the delay and that the costs reported were actually expended in prosecution of the work provided for in the contract. Millers Mut. Fire Ins., 942 F.2d at 952.

Federal courts have also held that overhead is a cost associated with delay that can be recovered by subcontractors. Phelps Construction Co. v. United States for Use of Reynolds Electrical and Engineering Co., Inc., 413 F.2d 701, 704 (10th Circ. 1969); United States f/u/b/o D & P Corporation v. Transamerican Ins. Co., 881 F.Supp. at 1509.

In the instant case, the plaintiff seeks the recovery of approximately One Hundred Twenty Nine Thousand Dollars ($129,000.00) in costs.

Respectfully submitted,

DELTA KEYSPAN, LLC

By its Attorneys,

PANNONE LOPES & DEVEREAUX LLC

/s/ William E. O'Gara
William E. O'Gara, Esq. (#4257)
1800 Financial Plaza
Providence, RI 02903
Tel: (401) 824-5100
Fax: (401) 824-5123

CERTIFICATION

The undersigned hereby certifies that a true copy of the within was sent via first class mail, postage prepaid to Dwight T. Burns, III, Esq., and Jennifer Whelan, Esq., Cetrulo & Capone, LLP, 321 South Main Street, Providence, RI 02903 on 1st day of September, 2006.

/s/ William E. O'Gara

Doc #2518