UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| UNITED STATES, for the use of and benefit of DELTA MECHANICAL CONTRACTORS, LLC, Plaintiff, | ) | |
| v. | ) | Civil Action No.: 05-489T |
| HANOVER INSURANCE COMPANY and WHITE & CARR INCORPORATED, Defendant. | ) | |

**LR CV 16 STATEMENT OF CLAIM OF THE DEFENDANT,**
**HANOVER INSURANCE COMPANY**

In accordance with LR Cv 16, the defendant, Hanover Insurance Company ("Hanover") submits its Statement of Claims (Defense). Hanover states that the plaintiff, Delta Mechanical Contractors, Inc. ("Delta") has failed to document and demonstrate its entitlement to the delay damages sought in this action.

The Fifth Circuit Court of Appeals has held:

> that a subcontractor can recover increased out-of-pocket costs for labor and materials furnished in the course of performing its subcontract caused by contractor or government delay … [but] stress[ed], however, that the subcontractor can only recover from the surety for additional or increased costs *actually expended* in furnishing the labor or material in the prosecution of the work provided for in the contract and *attributable to the delay*. [The Fifth Circuit] limit[ed] the surety's liability … to the subcontractor's "out-of-pocket costs of delay."

[Emphasis in original.] T.M.S. Mech. Contractors, Inc. v. Millers Mut. Fire Ins. Co. of TX, 942 F.2d 946, 951-52 (1991), reh'g denied 1991 U.S. App. LEXIS 26682 (5th Cir.). The Fifth Circuit noted "that a subcontractor 'must be able to demonstrate with reasonable certainty and specificity the increased costs resulting from the delay …'" Id. at 952, n.15.

On February 2, 2006, Hanover sent a letter to Delta requesting specific documents and/information needed by Hanover's consultant to assess Delta's delay claim. A copy of this letter is attached hereto as Exhibit 1. Delta produced certain documentation but failed to produce the requested documentation. As a result, Hanover sent a letter to Delta on April 4, 2006 informing Delta that it had failed to document and demonstrate its entitlement to delay damages, and requesting that Delta produced the requested documentation. A copy of this letter is attached as Exhibit 2. On April 27, 2006, Delta produced additional documentation, but still failed to produce all requested documentation. On June 27, 2006, Hanover wrote to Delta informing Delta that it still had not produced all requested documentation and that it still could not document and prove its entitlement to damages. A copy of this letter is attached hereto as Exhibit 3. These letters set forth the deficiencies in the documentation provided by Delta to support its delay damages.

Respectfully submitted:

THE HANOVER INSURANCE COMPANY

/s/ Jennifer Whelan
Jennifer Whelan, Bar ID #6952
CETRULO & CAPONE, LLP
The Heritage Building
321 South Main Street
Providence, RI 02903
(401) 274-7850
(401) 274-9670 (fax)

Dated: December 15, 2006