# EXHIBIT 1

CETRULO & CAPONE LLP
COUNSELLORS AT LAW
TWO SEAPORT LANE
BOSTON, MASSACHUSETTS 02210
TELEPHONE (617) 217-5500
FACSIMILE (617) 217-5200
www.cetcap.com

NEW YORK, NEW YORK
TELEPHONE (212) 635-2230

PROVIDENCE, RHODE ISLAND
TELEPHONE (401) 274-7850

(617) 217-5218
dburns@cetcap.com

February 2, 2006

**VIA FIRST CLASS MAIL**

William E. O'Gara, Esquire
One Financial Plaza, Suite 1800
Providence, RI 02903

**Re:** ***Delta Mechanical Contractors, LLC v. Hanover Insurance Company, et al.***
**Civil Action No.: 05-489T**
**C&C File No.: 1012-TBD**

Dear Attorney O'Gara:

In accordance with out telephone conference this day, this letter sets forth the additional information and/or documents that the surety consultant, Greyhawk North America LLC ("Greyhawk"), needs in order to fully assess Delta Mechanical Contractors, LLC's ("Delta") delay claim in connection with the above-referenced action. This letter also confirms that you have agreed to execute another stipulation extending the time to answer. Because I am unsure regarding how long it will take for your client to collect and provide the requested information as well as how long it will take for Greyhawk to complete its analysis, I suggest that we extend the deadline to **March 31, 2006**. Although I am hopeful that it will not take that long for Greyhawk to reach an opinion, I am concerned about irritating the Federal Court with too many stipulations extending the time to answer. Should you be unwilling to extend the deadline to that date, please contact me as we can make other arrangements. If the date is acceptable, please sign the stipulation and file it with the Court.

Hanover and Greyhawk request the following documents and/or information from Delta in order to fully assess Delta's delay claim.

1. Delta's As-Planned Schedule for performance of its work. Hanover and Greyhawk request a copy of this document. In addition, Hanover and Greyhawk request answers to the following inquiries. Did Delta submit an as-planned schedule to White & Carr, Incorporated ("White") at the time it commenced work? Was Delta's As Planned Schedule accepted and approved? Please provide documents corroborating Delta's position.

2. Delta's As-Built Schedule for performance of its work. Hanover and Greyhawk request a copy of this document. Without such a schedule, Delta has failed to illustrate how it was impacted and failed to identify any events which impacted its performance or delayed its

As-Planned Schedule. In addition, please forward all documents which constitute notice or proof that Delta experienced a delay during its performance of the work, along with letters showing the date and time in which the notice was given to White.

3. Prior Notices of Delay and/or Requests for Extension of Time. Hanover and Greyhawk request all such documents demonstrating prior notices and correspondence to White indicating that the owner and/or White were delaying Delta, and/or requests for extensions of time (including those made in connection with change orders).

4. List of Submittals. Hanover and Greyhawk request Delta's List of Submittals including when it sent submittals to White and when it received approvals on such items as shop drawings and samples.

5. Applications for Payment. Hanover and Greyhawk request all of Delta's applications for payments.

6. Change Orders. Hanover and Greyhawk request all of Delta's change orders that contain associated requests for extensions of time and/or that impacted the As-Planned schedule.

7. Dates of the Delay Claim. Hanover and Greyhawk request the dates for each of the eight categories of Delta's delay claim.

8. Delta's september 7, 2005 letter. With respect to this letter, Hanover and Greyhawk request the following:

a. with regards to Item #1 (Extended PM), the basis, breakdown and substantiation of the $90/hour rate; the basis and substantiation for 432 hours "Extended PM" labor (i.e., the original cost estimate and breakdown); and the justification/substantiation for the $38,888 in claimed costs for "Extended PM" labor;

b. with regards to Item #2 (Extended Project Super), the basis, breakdown and substantiation of the $75/hour rate; the basis and substantiation for 108 hours "Extended Project Super" labor (i.e., the original cost estimate and breakdown); and the justification/substantiation for the $8,100 in claimed costs for "Extended Project Super" labor;

c. with regards to Item #3 (Extended Mobile Storage), the substantiation for how, why and when these costs ($2,160) were incurred;

d. with regards to Item #4 (Extended Welder), substantiation or basis for consideration, or proof that payments were actually required or made to a specific welder who has not been identified;

e. with regards to item #5 (Balancing Sub), substantiation for its position that its Balancing Subcontractor was entitled to an increase on account of delay and that it expended the additional time claimed;

f. with regards to Item #6 (Loss of Potential Projects), please state the basis for the alleged entitlement under the payment bond to a claim based on "loss of potential projects,' please substantiate these alleged damages, please specifiy the projects allegedly lost and please specify how these alleged damages were calculated;

g. with regards to Item #7 (Wage Increase), substantiation or basis for consideration, or proof that payments were actually required as a result of wage increases during that period; and

h. with regards to Item #8 (O&P 15%), please state the basis for the alleged entitlement under the payment bond for this claim and please substantiate these alleged damages.

Thank you for your attention to this matter and for agreeing to further extend the time to answer. I look forward to receipt of the requested information and documentation.

Very truly yours,

Dwight T. Burns, III

DTB
enclosure
cc: Bert J. Capone, Esquire
Jennifer Whelan, Esquire